Nott, J.,
delivered the opinion of the court:
If the validity of the claimant’s patent were in question, the court might have to pass upon the abstract usefulness of his invention; for it is not the policy of the law that a patent be granted to protect a useless thing. But where the validity of a patent is conceded, he who uses the invention must judge for himself of its utility, and the government stands upon no more irresponsible ground than the farmer who buys a right to make and use a “ patent hive ” or pays for a license to sink a “ drive-well.”
The manufacture by the Ordnance Office of 10,500 sets of equipments may have been “ a huge experiment,” and still, in *438 the absence of an express license, the Ordnance Office had no more right to take for these experimental knapsacks the claimant’s invention than to take another man’s leather.
But when we pass to the question of. compensation the usefulness of the invention becomes an element of value. Inventions whose usefulness is both established and well known will have one value; inventions whose usefulness is probable, but whose reputation is not established, will have another; inventions which are still in the stage of trial and experiment, and which are as likely to involve the purchaser in loss as to bring him gain, have a third value. The claimant’s invention belonged to the last class. We recognize his legal right to recover, but we are of the opinion that if the user had been the subject of express contract, the right to manufacture and use the first 10,000 would have been granted for a very moderate royalty.
On the former trial of the case the court held that the claimant could not recover in this action for equipments manufactured, but that his recovery must be for equipments manufactured and used. A year has now elapsed since the case was remanded, and the only evidence of user produced by either party is a return from the Ordnance Office showing that of the 10,500 equipments manufactured 9,027 have been issued for use. The claimant’s recovery must be restricted to that number.
The judgment of the court is that the claimant recover of the defendants a royalty of 25 cents per set on 9,027 complete infantry equipments, amounting in the aggregate to the sum •of $2,256.75.